IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GILBERT JOE HERNANDEZ, §
(Tarrant No. 0307284) §
VS. § CIVIL ACTION NO.4:07-CV-593-Y
 §
 §
TARRANT COUNTY JAIL §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Gilbert Joe Hernandez's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Hernandez, an inmate at the Tarrant County jail, filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendant the Tarrant County jail. (Compl. Style; § IV(B).) Hernandez alleges that when he was returning to his jail pod after the last meal, as he was closing the door "the vaccume [sic] from the ventilation caused the door to suck shut on my little finger on my right hand, at a pace which was too fast for me to move my finger in time . . . [resulting] in a broken finger." (Compl. § V.) He alleges the jail defaulted on the ventilation and door. (Compl. § IV(B).) He seeks to assert his rights. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Hernandez's complaint must be dismissed.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] Hernandez has

---

[2] See 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); see also *Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] See 28 U.S.C.A. § 1915A(a)(West 2006).

[4] See *Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] See *West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

2

not asserted what right he believes has been violated. The constitutional rights of a pre-trial detainee flow from the procedural and substantive guarantees of the Fourteenth Amendment.[7] The Fourteenth Amendment protects the detainee's right to be free from punishment prior to an adjudication of guilt.[8] The applicable legal standard in the Fifth Circuit, however, depends on whether the claim challenges a 'condition of confinement' or an 'episodic act or omission.'[9] A condition-of-confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement."[10] A claim of episodic act or omission occurs when the "complained-of harm is a particular act or omission of one of more officials."[11] As Hernandez has complained of a one-time incident in which his finger was broken by a door closing on it, his claim is of an episodic act or omission.

The Fifth Circuit has held that the deliberate-indifference standard normally associated with Eighth Amendment claims also applies with respect to episodic-act-or-omission claims by pretrial

---

[7]*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525-26 (5th Cir. 1999).

[8]*See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

[9]*Olabisiomotosho*, 185 F.3d at 526; *see also Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[10]*Hare,* 74 F.3d at 644; *see also Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997)(*en banc*)(citing as examples such claims as "the number of bunks in a cell or his television or mail privileges").

[11]*Scott,* 114 F.3d at 53.

3

detainees.[12] Under that standard, an inmate is required to allege facts that indicate officials were deliberately indifferent to his health or safety.[13] A detainee is required to establish that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with deliberate indifference to that risk.[14] Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants."[15] This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[16]

Hernandez has asserted no facts that support any finding of deliberate indifference. He has alleged an injury to his finger from an unforseen closing of a door. At most, his allegations might support a claim that jail officials were negligent.[17] Allegations of negligence are not sufficient to maintain an action under 42

---

[12] *Hare*, 74 F.3d at 647-48.

[13] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

[14] *Hare*, 74 F.3d at 643 and 650.

[15] *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

[16] *Farmer*, 511 U.S. at 837; *see also Hare*, 74 F.3d at 648.

[17] *Breakiron v. Neal*, 166 F.Supp. 2d 1110, 1112 (N.D.Tex. May 8, 2001)(noting that plaintiff's claims that metal door closed on him while at county jail sounds in negligence).

4

U.S.C. § 1983.[18] Because the plaintiff has not alleged that the conduct was deliberate, as opposed to merely negligent, the Court concludes that his complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §1915(e)(2)(B)(i) and (ii) for failure to state a claim under 42 U.S.C. § 1983.

Therefore, all Plaintiff's claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1), and 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED February 1, 2008.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[18]*See, e.g., Daniels v. Williams,* 474 U.S. 327, 332 (1986)(concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986)(stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *Feagley v. Waddill,* 868 F.2d 1437, 1440 (5th Cir.1989)("negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment"), *citing Daniels,* 474 U.S. 327.